## Goss, Appellant, v. Spencer.

*Real property—Ejectment—Tenancy by the curtesy—Forfeiture —Conflicting evidence—Case for jury.*

In an action of ejectment to recover land in possession of the husband of the former owner, where defendant claimed that he had elected to take the real estate as tenant by the curtesy and was so holding it, and plaintiff contended and offered evidence to prove that defendant had forfeited his estate by the curtesy by claiming title to the land in fee and that he had elected to take against the will of his wife, and was therefore entitled to but a life interest in one-third of the real estate which had been devised to plaintiff in fee, the case was properly submitted to the jury and a judgment on a verdict for defendant was sustained.

Argued March 15, 1916. Appeal, No. 369, Jan. T., 1916, by plaintiff, from judgment of C. P. Bradford Co., Sept. T., 1914, No. 279, on verdict for defendant, in case of Helen L. Goss v. Nelson D. Spencer. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Ejectment to recover the possession of certain real estate left by decedent. Before ALBERT W. JOHNSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for plaintiff and in refusing to enter judgment for plaintiff, n. o. v.

*Wm. P. Wilson*, with him *J. Roy Lilley*, for appellant.

*J. C. Ingham*, with him *Charles M. Culver*, for appellee.

PER CURIAM, April 17, 1916:

Jennie B. Spencer died testate seized in fee of the real estate in question which she devised to her daughter, Helen L. Goss, the plaintiff in this action of ejectment. The defendant was the husband of Jennie B. Spencer, and claims that he elected to take the real estate as tenant by the curtesy and is so holding it. The plaintiff contends that the defendant forfeited his estate by the curtesy by claiming title to the land in fee, and further that he elected to take against the will of his wife the one-third of the personal estate absolutely and a life interest in the one-third of her real estate. These were questions of fact, and having been properly submitted to the jury under competent evidence in a charge to which error is not assigned, the verdict for the defendant establishes his right to the possession of the premises, and, therefore, the judgment is affirmed.